# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

| | |
|---|---|
| DIANA BENNETT, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>        Defendant. | **Case No. 1:26-cv-03129-GPG-KAS** |
| KIMAH BEACH, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>        Defendant. | **Case No. 1:26-cv-03159-PAB** |
| GRACE STEAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>        Defendant. | **Case No. 1:26-cv-03160-KAS** |

## PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL

1

Diana Bennett, Kimah Beach, and Grace Stean ("Plaintiffs") seek an order, pursuant to Federal Rules of Civil Procedure Rule 42(a) consolidating *Bennett v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03129-GPG-KAS), *Beach v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03159-PAB), and *Stean v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03160-KAS), (collectively, the "Related Actions"). Plaintiffs request that the Related Actions be consolidated into the first filed case, *Bennett v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03129-GPG-KAS).

Additionally, Plaintiffs seek an entry of an order appointing Laura Grace Van Note of Cole & Van Note, Raina C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin LLP as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Class Counsel") pursuant to Fed. R. Civ. P. 23(g).

This Motion also seeks to stay all case deadlines in the cases proposed for consolidation during the pendency of this Motion, including deadlines for Defendant to respond to the respective complaints. Plaintiffs request that Defendant's response to the respective complaints be set as follows: if the Court grants the Motion to Consolidate, thirty (30) days from the filing of a consolidated complaint; or if the Court denies the Motion to Consolidate, thirty (30) days from the date of the Court's order of denial.

As discussed in detail in the accompanying Memorandum: a) the Related Actions involve common parties and similar issues of law and fact, b) the putative class representatives in each of the Related Actions seek to represent similar classes of persons (collectively referred to herein as the "Class") who utilized the services of Defendant and/or were employed by Defendant and/or were related to someone who was employed by Defendant and whose personally identifiable information ("PII" or "Private Information") was provided to and maintained by Defendant, c) Plaintiffs and the proposed Class were similarly impacted by the data security incident that is the subject of the Related

2

Actions, and d) the Related Actions arise out of similar circumstances, thus making consolidation under Fed. R. Civ. P. 42(a) appropriate.

In addition, Proposed Interim Co-Lead Counsel satisfy the elements of Fed. R. Civ. P. 23(g) and are well-suited to lead the prosecution of this litigation on behalf of Plaintiffs and the proposed Class because, among other reasons, they have spent a significant amount of time and effort investigating, researching, and litigating the cases, are most familiar with the legal and factual issues in question, and intend to pursue a strategy that works best for the interests of the putative Class that Plaintiffs seek to represent.

Proposed Interim Co-Lead Class Counsel focus their practices on, and have extensive experience in, complex class action litigation, including data breach litigation—*i.e.*, the types of claims and allegations at issue in the Related Actions. Further, Proposed Interim Co-Lead Class Counsel's respective firms have the resources to effectively and efficiently pursue this action and have already committed sufficient resources to this litigation. Proposed Interim Co-Lead Class Counsel will work together and with other Plaintiffs' counsel to litigate this matter to a successful conclusion.

This Motion is supported by the contemporaneously filed Memorandum.

WHEREFORE, Plaintiffs respectfully request the Court (a) consolidate the Related Actions under the *Bennett v. Frontier Airlines, Inc.* case; (b) appoint Laura Grace Van Note of Cole & Van Note, Raina C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin LLP as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g).

## CERTIFICATE OF CONFERRAL

Pursuant to Local Civil Rule 7.1(a) all Plaintiffs' counsel have conferred and agreed to the proposed consolidation and leadership structure. Plaintiffs' counsel have been unable to confer with counsel for Defendant because counsel has not appeared or identified themselves.

Dated: July 16, 2026            Respectfully submitted:

By:    */s/ Laura Grace Van Note*
Scott Edward Cole, Esq.
Laura Grace Van Note, Esq.
Mark T. Freeman, Esq.
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
sec@colevannote.com
lvn@colevannote.com
mtf@colevannote.com

*Attorneys for Representative Plaintiff Diana Bennett and the Plaintiff Class*

Raina C. Borrelli
**STRAUSS BORELLI PLLC**
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
raina@straussborrelli.com
*Attorneys for Representative Plaintiff Kimah Beach and the Plaintiff Class*

Liberato P. Verderame
Marc H. Edelson
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
Telephone: (215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

*Attorneys for Representative Plaintiff Grace Stean and the Plaintiff Class*

4

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND
APPOINT INTERIM CO- LEAD CLASS COUNSEL**</u>

**I.        INTRODUCTION**

Diana Bennett, Kimah Beach, and Grace Stean ("Plaintiffs") seek an order, pursuant to
Federal Rules of Civil Procedure Rule 42(a) consolidating *Bennett v. Frontier Airlines, Inc.* (District
of Colorado, Case No. 1:26-cv-03129-GPG-KAS), *Beach v. Frontier Airlines, Inc.* (District of
Colorado, Case No. 1:26-cv-03159-PAB), and *Stean v. Frontier Airlines, Inc.* (District of Colorado,
Case No. 1:26-cv-03160-KAS), (collectively, the "Related Actions"). Plaintiffs request that the
Related Actions be consolidated into the first filed case, *Bennett v. Frontier Airlines, Inc.* (District of
Colorado, Case No. 1:26-cv-03129-GPG-KAS).

Additionally, Plaintiffs seek an entry of an order appointing Laura Grace Van Note of Cole
& Van Note, Raina C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin
LLP as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Class Counsel") pursuant to
Fed. R. Civ. P. 23(g).

**II.        CONSOLIDATION IS APPROPRIATE**

Courts have broad discretion to consolidate cases pursuant to Federal Rule of Civil Procedure
42(a). *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005). Consolidation is appropriate under Fed. R.
Civ. P. Rule 42(a) because the Related Actions involve common parties and similar issues of law and
fact. First, the Related Actions involve common parties and similar issues of law and fact. Second,
the putative class representatives are able to represent the range of persons who utilized the services
of Defendant Frontier Airlines, Inc. ("Defendant") and/or were employed by Defendant and/or were
related to someone who was employed by Defendant and whose personally identifiable information
("PII" or "Private Information") was provided to and maintained by Defendant. Third, the Related
Actions arise out of the same circumstances—Defendant's alleged failure to safeguard the highly
sensitive information of Defendant's current and former customers and employees (and their

2

families), which was entrusted to Defendant and which was compromised as a result of the data security incident that is the subject of the Related Actions. Finally, Plaintiffs in the Related Actions bring similar legal claims, each asserting claims for negligence and breach of implied contract, and many cases assert claims for unjust enrichment, declaratory and injunctive relief, and negligence *per se*. The cases also propose substantially similar classes.

Under the Federal Rules of Civil Procedure, courts may consolidate two or more related actions, where, as here, the actions involve at least one common question of law or fact. Fed. R. Civ. P. Rule 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *see also Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010) (consolidating actions "based on nearly identical legal theories and underlying facts" with "similar theories of damages and recovery"); *see also Henderson v. Reventics, LLC*, Case No. 1:23-cv- 00586, Dkt. 19 (D. Colo. April 24, 2023) (granting consolidation of five data breach cases filed against same Defendant).

For the reasons described below, consolidation is appropriate here.

### A.        The Related Actions Involve Common Parties.

The threshold question of "common parties" is easily answered in the affirmative. All of the Related Actions name Frontier Airlines, Inc.  as Defendant. In addition, the proposed Classes in all of the lawsuits include similar definitions encompassing victims whose sensitive Private Information was impacted by the data breach at issue in the Related Actions.

### B.        The Related Actions Allege Common Legal Claims and Facts.

Besides common parties, the lawsuits also allege common facts and legal claims. As is clear on the face of the complaints, the claims arise out of the same set of operative facts: Defendant's acts and omissions permitted unauthorized criminal actor(s) to gain access to the systems and network

3

where Plaintiffs' and Class members' PII was being stored, leading to the exfiltration of that data. Furthermore, the cases raise similar allegations regarding alleged damages arising out of Defendant's failure to implement adequate data monitoring and security practices.

In addition, each of the Related Actions asserts claims for negligence and breach of implied contract and many cases assert claims for unjust enrichment, declaratory and injunctive relief, and negligence *per se*.

### C. Consolidation Will be More Convenient to the Parties, Promote Judicial Economy and Save Resources.

Consolidation of these substantively identical cases will promote convenience for the parties, judicial economy, and will save time, effort, and expense. Consolidation will also avoid the confusion, delay, and potential prejudice that might result if the cases proceed separately. The Related Actions are in their early stages. Neither discovery nor class certification proceedings have commenced. But even at this early stage, it is clear that the cases will require many of the same documents and witnesses in light of the overlapping allegations and claims. This factor further favors consolidation.

Finally, consolidation will neither inconvenience the parties nor delay the proceedings. Rather, consolidation will promote convenience and judicial economy for the parties and non-parties alike. Consolidation will also avoid confusion among absent putative class members.

Thus, the facts and circumstances here warrant consolidation of the Related Actions.

### III. INTERIM CO-LEAD CLASS COUNSEL SHOULD BE APPOINTED

Federal Rule of Civil Procedure 23(g)(2)(A) provides that "[u]pon consolidation [] pursuant to Rule 42(a), the district court, 'if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases and accordingly assign the designated lawyers specific responsibilities.'" *Hacker v. Peterschmidt*, No. C 06-03468, 2006 WL 2925683, at *2-3 (N.D. Cal. Oct. 12, 2006) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and

4

Procedure: Federal Rules of Civil Procedure §2385 (2006)); *see also Ehler v. IPEX, Inc.*, No. 08-cv-02220-CMA-BNB, 2009 WL 1392075, at *2 (D. Colo. May 15, 2009) (appointing a leadership structure in complex litigation matter). Although the Rule does not provide a standard for determining whether interim counsel should be appointed, courts that have construed it to have relied on the Advisory Committee Notes accompanying the Rule, which limit its use to circumstances where interim counsel is necessary to protect the interests of the putative class. The need to protect the interests of the putative class arises when it is necessary to have one attorney to prepare for the class certification decision, to prepare or respond to other motions before class certification, to discuss settlement before certification, or to resolve rivalry or uncertainty among competing counsel or law firms. *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006).

When assessing Rule 23(g)(3), courts often rely on the Advisory Committee Notes accompanying the rule as holding that interim counsel should be appointed when needed to protect the putative class and its interests. *Davis v. GEICO Cas. Co.*, 2021 U.S. Dist. LEXIS 204426, at *10 (S.D. Ohio May 20, 2021) (quoting Fed. R. Civ. P. 23, Advisory Committee Notes (2003)). As considered in the Notes, "[t]ime may be needed to explore designation of class counsel under Rule 23(g)" and "in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003).

The appointment of interim co-lead class counsel at a relatively early stage in this putative class action litigation is in the best interests of the parties, the putative Class, and the Court. The designation of interim co-lead class counsel will help "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, Manual For Complex Litigation § 21.11, at 246 (4th ed. 2004); *see also* Fed.

R. Civ. P. 23(g)(3), 2003 Advisory Committee Notes for Rule 23(g); *see also In re Intel Corp.*
*Microprocessor Antitrust Litig.*, MDL No. 05-1717 (D. Del. Apr. 18, 2006) ("The most common
approach to the selection of class counsel is private ordering, in which Plaintiff(s)' Counsel agree on
which of them should serve as class counsel").

In short, the appointment of Proposed Interim Co-Lead Class Counsel will provide
efficiencies to the parties and the Court and will avoid uncertainty and confusion regarding who may
speak for the putative Class. This is of particular importance as the parties begin to discuss topics
such as discovery and potential resolution of the Related Actions. With these goals and considerations
in mind, Plaintiffs request that the Court appoint Laura Grace Van Note of Cole & Van Note, Raina
C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin LLP as Interim Co-
Lead Class Counsel ("Proposed Interim Co-Lead Counsel") pursuant to Fed. R. Civ. P. 23(g).

At the outset, Plaintiffs note that Counsel and Plaintiffs support the proposed leadership
structure. In appointing lead counsel, a court should "conduct an independent review . . . to ensure
that counsel appointed to lead roles are qualified and responsible, that they will fairly and adequately
represent all of the parties on their side, and that their charges will be reasonable." MCL § 10.22.
Fed. R. Civ. P. 23(g) states four factors that courts should look to in selecting class counsel: "(i) the
work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's
experience in handling class actions, other complex litigation, and the types of claims asserted in the
class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will
commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Proposed Interim Co-Lead
Class Counsels' fitness for this role is demonstrated by their commitment of all the necessary and
appropriate time and resources to prosecuting this matter at the highest level of professionalism and
efficiency, their extraordinary experience, their knowledge of applicable law, and their possession of
resources needed to successfully advance this litigation and adequately represent the class. The Rule

also contemplates that the court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B).

Analysis of the relevant factors show that Proposed Interim Co-Lead Class Counsel are well-suited to serve as lead counsel in this matter. Proposed Interim Co-Lead Class Counsel have many years of experience litigating consumer class actions in general and data breach class actions in particular. Their knowledge of the relevant law is superior. They have committed and will continue to commit extensive resources to the efficient but thorough litigation of this matter.

**A.    The Work That Proposed Interim Co-Lead Class Counsel Have Already Done Supports Their Appointment as Interim Co-Lead Class Counsel.**

Fed. R. Civ. P. 23 (g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Co-Lead Class Counsel have invested significant time in this case including pre-filing investigation, interviewing potential clients, researching the potential claims, drafting the complaints, and litigating the case once it was filed. Indeed, before filing the instant Actions, Proposed Interim Co-Lead Class Counsel performed extensive investigation and legal research regarding the potential claims in the Actions and the underlying facts. They have demonstrated the ability to work cooperatively with others, including attorneys for Plaintiffs in _____ Actions, and intend to implement protocols to ensure the efficient, non-duplicative and cost-effective prosecution of this matter.

Proposed Interim Co-Lead Class Counsel have committed substantial time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. These actions demonstrate counsel's willingness and ability to prosecute the Related Actions on behalf of the putative Class to the fullest extent possible. Proposed Interim Co-Lead Class Counsel are familiar with the facts and

legal issues in this matter and intend to continue their efficient pursuit of the claims on behalf of Plaintiffs and the putative Class. They have applied their extensive experience in class litigation, including dozens of data breach cases, to the advancement and development of Plaintiff(s)' and the putative Class's rights.

Proposed Interim Co-Lead Counsel's work to date includes several significant tasks:

**First,** Proposed Interim Co-Lead Class Counsel independently investigated the facts and circumstances surrounding Defendant's data breach (the "Data Breach"), including, *inter alia*: the cause of the Data Breach, Defendant's public statements regarding the events surrounding the Data Breach, other media commentary, and consumer experiences concerning information compromised in the breach.

**Second,** Proposed Interim Co-Lead Class Counsel devoted extensive time to researching the relevant law, and applying their experience, to prepare a detailed complaint.

**Third,** Proposed Interim Co-Lead Class Counsel filed the first lawsuits against the Defendant(s) related to the Data Breach. They also assisted in preparing the joint motion to consolidate and worked cooperatively with all counsel to finalize it.

**Fourth**, Proposed Interim Co-Lead Class Counsel have spent significant time speaking with and interviewing class members who have contacted them, expressed interest in the case, and sought more information about the case and the underlying Data Breach. Proposed Interim Co-Lead Class Counsel will continue to expend all the time and resources necessary to advocate for Plaintiff(s) and the putative Class.

> **B.     Proposed Interim Co-Lead Counsel's Experience in Handling Class Actions and Other Complex Litigation Supports Their Appointment as Interim Co-Lead Class Counsel.**

Fed. R. Civ. P. 23(g)(1)(A)(ii) directs the Court to consider Proposed Interim Co-Lead Counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." Similarly, Fed. R. Civ. P. 23(g)(1)(A)(iii) directs the Court to

consider "counsel's knowledge of the applicable law" in the present case. Proposed Interim Co-Lead Class Counsel will formulate (in consultation with other counsel) and present positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIG., § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Data breach cases bring their own set of challenges, and litigating them often entails extensive factual discovery, retention of multiple experts, and a background knowledge in the technology of cybersecurity. Recurring issues of class certification, damages, and injunctive relief require counsel well-versed in this practice area who have achieved legal rulings that facilitate prosecution. Proposed Interim Co-Lead Class Counsel have developed knowledge in this area and these topics through years of experience.

Thus, Plaintiffs propose that the Court designate Laura Grace Van Note of Cole & Van Note, Raina C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin LLP as Interim Co-Lead Class Counsel. The proposed leadership Counsel have decades of substantial experience prosecuting complex class action litigation on behalf of a wide variety of Plaintiff(s) in a wide range of complex litigation, including large data breach and other privacy actions.

### Proposed Interim Co-Lead Class Counsel

**1. Laura Grace Van Note, Cole & Van Note**

X

Laura Grace Van Note is a shareholder of Cole & Van Note ("CVN"), a firm based out of Oakland, California. CVN is a class action centric and boutique practice devoted to prosecuting privacy, including data breaches, employment, environmental and/or consumer fraud complex cases.

9

In its over 30-year history, CVN has prosecuted hundreds of class and/or complex/representative cases, some of the more unique ones being identified in the firm's professional resume.

Many of these cases involve(d) some or all of the same legal issues as are presented in the current action. While almost entirely devoted today to prosecuting cyber-security class actions, the firm's past experiences run deep across various areas of the law—from employment wage and hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases. CVN has successfully achieved class certification, settlements and judgments in varied factual scenarios, just some of the more unique, difficult or groundbreaking situations being set forth in the firm's resume. Some better-known and/or "game changing" cases include *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116 (Case No. A119697) (setting the standard for settlement approval in California state courts); *Augustus (Davis) vs. ABM Security Services*., Supreme Court of California Case No. S224853 (establishing a new Supreme Court standard for workplace rest periods; $110 million settlement); *Despres v. United Parcel Service, Inc.*, Case Nos. 3:03-CV-02987 (TEH) and 3:03-CV-02001 (TEH) (N.D. Cal.) (historic $87 million settlement in meal break-only case); *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) (class cert. granted and clarifying distinction between class composition and entitlement to a recovery); *Tierno v. Rite Aid Corp.,* 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (oft-cited ruling certifying a class of retail Store Managers alleging overtime misclassification; $6.9 million settlement); *Fulton v. Sports and Fitness Clubs of America, dba 24 Hour Fitness, USA, Inc.,* Case No. GIC881669 (Super. Ct. Cal. San Diego Cnty.), (consolidated with Case No. GIC873193) (industry changing case that helped define "piece rate" standard under the law; class certification and then summary judgment granted; $19 million resolution); *In Re Westley Tire Fire Litigation*, Case No. CV 801282 (Super. Ct. Cal. Santa Clara Cnty.) (lead counsel in toxic 7 million automobile tire fire that impacted up to one third of the State of California); *In Re Unocal Refinery Litigation*, Case No. C94-04141 (Super. Ct.

Cal. Contra Costa Cnty. (Steering Committee in massive toxic chemical release); *In Re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD (N.D. Cal.) (Steering Committee in consumer fraud case); *In Re Tosco SFR Litigation* (C97-01637 (Super. Ct. Cal. Contra Costa Cnty.) (Lead Counsel in massive 1997 toxic airborne release over multiple towns).

Currently, CVN is devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of its caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, CVN serves in a variety of roles, oftentimes in various leadership positions. For example, CVN has served as court-appointed lead or co-lead counsel in dozens of data breach matters, including, but not limited to: *Henderson, et al. v. Reventics, LLC*, Case No. 1:23-cv-00586-MEH (D. Colo.) (court appointed co-lead counsel); *Hinds, et al. v. Community Medical Centers, Inc.*, Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Tsvetanova, et al. v. UCSD Health*, Case No. 37-2021-00039888-CU-PO-CTL (Super. Ct. Cal. San Diego Cnty.) (court appointed co-lead counsel); *In Re: Rackspace Data Security Litigation*, No.: SA-22-cv-01296-XR (W.D. Tex.) (court appointed lead counsel); *Fedorys, et al. v. Ethos Group Inc.*, Case No. 3:22-cv-2573-M (N.D. Tex.) (court appointed co-lead counsel); *Moreland, et al. v. 1ˢᵗ Franklin Financial Corporation*, Case No. 2:23-cv-00038-SCJ (N.D. Ga.) (court appointed co-lead counsel); *Domitrovich, et al. v. MC Dean, Inc.*, Case No. 1:23-cv-00210-CMH-JFA (E.D. Va) (court appointed co-lead counsel); *Deevers, et al. v. Wing Financial Services, LLC.*, Case No. 4:22-cv-00550-CVE-MTS (N.D. Okla.) (court appointed co-lead counsel); *Darrin v. Huntington Ingalls Industries, Inc.*, Case No. 4:23-cv-00053-JKW-DEM (E.D. Va.) (court appointed co-lead counsel); *Guerrero v. Merritt Healthcare Holdings, LLC*, Case No. 3:23-cv-00389-MPS   (D. Conn.) (court appointed co-lead counsel); *Prutsman v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-Cv-01131-VC (N.D. Cal.) (court appointed co-lead counsel); *In re DISH Network Data Security Incident Litigation,* Case No. 1:23-

cv-01168-RMR-SBP (D. Colo.) (court appointed co-lead counsel); *Byers v. Orthoalaska, LLC,* Case No. 3:23-cv-00243-SLG (D. Alaska) (court appointed co-lead counsel); *Tambroni v. Wellnow Urgent Care, P.C.*, Case No. 1:24-cv-01595 (N.D. Ill.) (court appointed co-lead counsel); *Dryden v. Tri Counties Bank*, Case No. 23CV03115 (Super. Ct. Cal. Butte Cnty.) (court appointed co-lead counsel); *Brett v. Valley Mountain Regional Center*, Case No. STK-CV-UPl-2024-0005025 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Cordell v. Patelco Credit Union*, Case No. 24CV082095 (Super. Ct. Cal. Alameda Cnty.) (court appointed co-lead counsel); *Skillings, et al., v. Access Sports Medicine and Orthopedics*, Case No. 218-2024-CV-01086 (Super. Ct. New Hampshire Rockingham Cnty.) (court appointed co-lead counsel); *Bujok v. MC2 Data, LLC*, Case No. 0:24-cv-61864-LEIBOWITZ (S.D. Fla.) (court appointed co-lead counsel); *Francisco v. Diligent Acquisitions LLC*, Case No. 4:24-cv-04468 (S.D. Tex.) (court appointed co-lead counsel); *Oliver v. Jewish Home Lifecare* (N.Y. Sup. Ct., N.Y. County, Index No. 157811/2024) (court appointed co-lead counsel); *Lunsford v. Maryhaven Inc.*, Case No. 25CV003753 (Ct. of Common Pleas, Franklin Cty. Ohio) (court appointed co-lead counsel); *Rice v. California Cancer Associates for Research and Excellence, Inc.*, Case No. 5:25-cv-01636 (C.D. Cal.) (court appointed co-lead counsel); *In re Teamsters Local Union Nos. 117 and 174 Data Breach Litigation*, Case 25-3-21664-1 KNT (Wash. Sup. Ct., King Cty.) (court appointed co-lead counsel); *Bobo, et al. v. Krispy Kreme Doughnut Corp.*, Case No. 3:25-CV-00434 (W.D. N.C.) (court appointed co-lead counsel); *Hammon, et al. v. Omni Healthcare Financial Holdings*, Case No. 3:25-CV-00263 (W.D. N.C.) (court appointed co-lead counsel); *Smith v. Monterey Mushrooms*, Case No. 25-cv-08213-BLF (N.D. Cal 2025) (court appointed co-lead counsel); *Poudrier v. Manpower of Lansing, MI, Inc.*, Case No. 1:25-cv-00956-PLM-PJG (W.D. MI 2025) (court appointed co-lead counsel); *Miller v. Mercer Health, et al.*, Case No. 25-CIV-037 (Common Ct. of Pleas, Mercer Cnty. Ohio) (court appointed co-lead counsel); *Parks v. Rural Health Services, Inc.*, Case No. 2025CP0201622 (So. Carolina, Aiken Cnty, Common Pleas) (court

12

appointed co-lead counsel); *Orrantia v. S.V.D.P. Management, Inc.*, Case No. 25CU048774C (Super. Ct. Cal., San Diego Cnty.) (court appointed co-lead counsel); *Walker v. Wayne Memorial Hosp. Auxiliary, Inc.*, Case No. SUCV2025000245 (Ga., Wayne Cnty) (court appointed co-lead counsel); *In re Methodist Home Care Data Incident Litigation*, Case No. CV2025-904388.00 (Cir. Ct. Jefferson Cty., Ala.) (court appointed co-lead counsel).

CVN also serves in more informal (e.g., Executive Committee) leadership positions in numerous other data breach cases and in sole counsel roles in even dozens more—actions currently venued across well over 30 states. CVN, thus, possesses the experience and ample resources to lead the current case(s), once consolidated, and will continue to do so throughout this litigation.

A copy of CVN's professional resume is attached hereto as **Exhibit A**.

### 2.  Raina C. Borrelli, Strauss Borrelli PLLC

Raina Borrelli is a founding partner of Strauss Borrelli PLLC where she leads the firm's class action litigation practice. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.). Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers

Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli has significant experience in data privacy litigation and has litigated data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *Foster et al. v. Lower, LLC,* No. 1:22-cv-1581 (GLR) (D. Md.) (data breach class action resulting in a $1,425,000 common fund settlement for the class of data breach victims); *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee, achieving a $7.25 million settlement for the class); *In re Thompson Coburn Data Security Litig.*, 4:24-cv-1509 (E.D. Mo.) (appointed interim co-lead class counsel); *In re CDK Global Data Security Consumer Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed interim co-lead counsel); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Darrin et al. v. Huntington Ingalls Indus.*, 4:23-cv-00053 (E.D.V.A.) (appointed interim co-lead class counsel); *Hulewat et al. v. Medical Management Resource Group, LLC*, 2:24-cv-00377 (D. Ariz.) (appointed Interim Co-Lead Class Counsel); *In re CDK Global Data Security Breach Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed Interim Co-Lead Class Counsel); *Garcia et al. v. Set Forth, Inc. et al.*, 1:24-cv-11688 (N.D. Ill.) (appointed Interim Co-Lead Class Counsel following contested motion practice); *In re Kelly Benefits Data Breach Litig.*, 1:25-cv-01304 (D. Md.) (appointed Interim Co-Lead Class Counsel following contested motion practice); *In re Johnson Controls, Inc. Data Incident Litig.*, 25-cv-00955 (E.D. Wis.) (appointed Interim Co-Lead Class Counsel).

14

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of publicity laws, and under the Illinois Biometric Information Privacy Act, including: *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin, et al. v. Miracle-Ear, Inc., et al.*, 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.); and *Kellman et al. v. Spokeo*, 21-cv-08976 (N.D. Cal.).

Ms. Borrelli's extensive experience in complex class action litigation generally, and data breach litigation specifically, make her uniquely situated to serve as Interim Co-Lead Class Counsel in this matter.

A copy of Strauss Borrelli PLLC's professional resume is attached hereto as **Exhibit B**.

**3. Marc H. Edelson, Edelson Lechtzin LLP**

Marc H. Edelson is a Managing Partner of Edelson Lechtzin LLP, leading the firm's practices in antitrust law, defective drugs & medical devices, and property insurance litigation. Mr. Edelson received his J.D. from the University of California, Los Angeles School of Law, in 1987 and his B.S. in Economics from the Wharton School of The University of Pennsylvania, *cum laude* in 1984. He has practiced class action litigation for over 35 years and has been appointed to leadership roles in many MDL cases. In addition, Mr. Edelson has been named a "Super Lawyer" in Pennsylvania for Class and Mass Tort Litigation.

In the area of consumer fraud, the firm is actively engaged in protecting consumers' rights in a variety of matters, including defective products and automobiles, failure to honor service agreements and warranties, timeshare agreements, and data breaches.

Current data breach cases include: *Tyler Tate v. 5.11, Inc.,* No. 8:24-cv-02327 (C.D. Cal.) (lead, settled); *Ronald Signorino, et al. v. Affiliated Dermatologists LLC*, No. MRS L001106-24 (N.J.

Super. Ct.) (co-lead counsel, settled); *In re: Anna Jaques Hospital Data Security Incident Litig.,* No. 1:24-cv-10792 (D. Mass.) (Exec. Comm., settled); *In Re: AnnieMac Data Breach Litig.*, No. 1:24-cv-10678 (D. N.J.) (Exec. Comm., pending); *Benson v. Artivion, Inc.*, No. 1:25-cv-04196 .(N.D. Ga.) (lead counsel, pending); *Pestano v. Avis Rent a Car System LLC, et al.,* No. 2:24-cv-09243 (D. N.J.) (co-lead counsel, settled*); Corralejo v. BayMark Health Services, Inc.,* No.4:25-cv-00174 (E.D. Tex.) (co-lead counsel, pending); *Perod v. Center for Urologic Care*, No. 25-17791 (C.C.P. Berks Cnty., Pa.) (lead counsel, pending); Nelson v. Connexin Software, Inc., No. 2:22-cv-04676 (E.D. Pa.) (Exec. Comm., settled); *Michael Arons, et al. v. Continuum Health Alliance LLC,* No. BUR 000903-24 (N.J. Super. Ct.) (Exec. Comm., settled*); Connor v. CPAP Medical Supplies & Services, Inc.* No. 3:25-cv-00945 (M.D. Fla.) (co-lead counsel, pending); *Stan Sinitsa v. CUSO Financial Services, LP,* Case No. VCU326251 (Cal. Super. Ct. Tulare Cnty.) (co-lead counsel, settled); *Daniel Laney, et al. v. Emcentrix, Inc.,* No. 25STCO35202 (Cal. Super. Ct. Los Angeles Cnty.) (co-lead counsel, pending*); Minter v. Finwise Bank, et al.,* No. 2:25-cv-00569 (D. Ut.) (co-lead counsel, settled for $2.8 million); *Dudley, et al. v. Fortive Corporation*, No. 2:24-cv-01168 (W.D. Wa.) (co-lead counsel, settled for $3 million); *Verderame v. Futurity First Insurance Group LLC,* No. 3:24-cv-01262 (D. Conn.) (lead counsel, settled for $335,000); *Staples v. Harbin Clinic, LLC,* et al., No. 4:25-cv-00130 (N.D. Ga.) (co-lead counsel, pending*); Davidson Salas v. NAHGA Inc.,* USDC DME, No. 2:25-cv-00604 (co-lead counsel, pending); *Diane Minicucci, et al. Northeast Rehabilitation Hospital Network,* No. 218-2025-cv-00897 (N.H. Sup. Ct. Rockingham Cnty.) (co-lead counsel, settled); *Terri Gales, et al. v. Ohio Lottery Commission*, No. 2024-00434 (Ohio Ct. of Claims) (co-lead counsel, pending); *Nadeau, et al. v. Onsite Mammography, LLC*, No. 3:25-cv-11123 (D. Mass.) (co-lead counsel, settled for $2,525,000); *Jack Feathers, et al. v. On Q Financial LLC*, No. CU2025-037770 (Az. Super. Ct. Maricopa Cnty.) (co-lead counsel, settled); *Melanie Hudson, et al. v. Pennsylvania State Education Assoc.*, No. 2025-cv-02411 (C.C.P. Dauphin Cnty.) (Exec. Comm., settled); Dylan

16

Wohnhas, et al v. *Rasevic Construction Company, Inc., et al.,* No. 10-cv-26-000010 (D. Md.) (co-lead counsel, settled); *Pia Ohe, et al. v. Rockrose Development, LLC, et al.,* Index No. 166698-2025 (N.Y. Sup. Ct.) (co-lead counsel, pending); *In re Set Forth Data Security Breach Litig.*, No. 1:24-cv-11688 (N.D. Ill.) (steering committee, pending*); Keene v. Tekni-Plex, Inc.*, No. 2:25-cv-05584 (E.D. Pa.) (co-lead counsel, settled); and *Lim v. Tradezero America, Inc*., No. 1:24-cv-01196 (W.D. Pa.) (co-lead counsel, settled).

A copy of Edelson Lechtzin's professional resume is attached hereto as **Exhibit C**.

### C.  Proposed Interim Co-Lead Class Counsel's Knowledge of Applicable Law.

The third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," also favors appointing Proposed Interim Co-Lead Class Counsel. Proposed Interim Co-Lead Class Counsel are knowledgeable and familiar with the legal claims and statutes at issue. Each of their respective firms regularly litigates cases involving complex litigation, including data breach cases. Further, as discussed above, Proposed Interim Co-Lead Class Counsel extensively researched the claims at issue before filing their actions. Given their vast experience, Proposed Interim Co-Lead Class Counsel are also equally knowledgeable regarding the discovery and expert needs for the instant case, and are prepared to defend against and refute the multiple affirmative defenses expected to be raised by Defendant(s). Perhaps most importantly, Proposed Interim Co-Lead Class Counsel are seasoned class action litigators who are well-versed in all of the nuances of the class action vehicle and Rule 23 in particular.

### D.  Resources That Proposed Interim Co-Lead Class Counsel Have and Will Commit to Representing the Class Support Their Appointment as Proposed Interim Co-Lead Class Counsel.

Counsel responsible for prosecuting Plaintiff(s)' claims must be able to dedicate very significant resources to advance the claims of the proposed Class(es). See Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Co-Lead Class Counsel have demonstrated their collective will and ability to dedicate the necessary resources to ensure a substantial and sustainable case on behalf

17

of the putative Class members. As described in detail above, each of the firms have thoroughly investigated, developed, and gathered evidence in support of Plaintiff(s)' claims against Defendant(s), and have already invested and committed significant resources to prosecute this case. Proposed Interim Co-Lead Class Counsel are hard-working, organized, and effective. They have taken many cases from inception to conclusion, advancing all litigation costs, and will do so here.

Moving forward, Proposed Interim Co-Lead Class Counsel will continue to staff the Related Actions with knowledgeable and experienced attorneys supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and assist in trial preparation. Proposed Interim Co-Lead Class Counsel will continue their commitment of resources and efforts to the Related Actions, just as they have in other, successful litigation. Moreover, Proposed Interim Co-Lead Counsel's decades of accomplished litigation in cases like this one evidence a proven history of dedicating all resources necessary to effectively litigate the claims they allege. In the aggregate, Proposed Interim Co-Lead Class Counsel will put forth substantial resources to vigorously advocate for the interests of the putative Class, just as they have done in prior data breach cases. Finally, it is important to note that the firms will make every effort to effectively and efficiently staff the litigation in a manner that will avoid duplication of effort.

### E.    Other Factors Support Designation of Interim Co-Lead and Executive Committee Counsel

Proposed Interim Co-Lead Class Counsel were the first firms to file complaints against Defendant(s). *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints); *Steele v. United States*, Case No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc.*, Case No. 12cv1063, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant

18

factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie- breaker."); *Richey v. Ells*, Case No. 12-cv-1831, 2013 WL 179234, at \*2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action.").

Moreover, the proposed leadership structure has the support of majority of Plaintiffs and the law firms involved in the litigation related to this Data Breach and this factor supports their appointment. *In re Aluminum Phosphide Antitrust Litig.*, No. 93- 2452, 1994 WL 481847, at \*5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at \*2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at \*2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all Plaintiff is an 'essential attribute' for lead counsel.")); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach). As it stands, all *but one* Complaint supports the proposed leadership structure.

Further, Proposed Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so.

While Proposed Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and

unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing.

## IV.    CONCLUSION

To promote efficiency and judicial economy, and to avoid unnecessary costs and undue delay, Plaintiffs respectfully request that the Court (a) consolidate the Related Actions under the *Bennett v. Frontier Airlines, Inc.* case; (b) appoint Laura Grace Van Note of Cole & Van Note, Raina C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin LLP as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g).

Dated: July 16, 2026    Respectfully submitted:

By: */s/ Laura Grace Van Note*
   Scott Edward Cole, Esq.
   Laura Grace Van Note, Esq.
   Mark T. Freeman, Esq.
   **COLE & VAN NOTE**
   555 12th Street, Suite 2100
   Oakland, California 94607
   Telephone: (510) 891-9800
   sec@colevannote.com
   lvn@colevannote.com
   mtf@colevannote.com

   *Attorneys for Representative Plaintiff Diana Bennett and the Plaintiff Class*

   Raina C. Borrelli
   **STRAUSS BORELLI PLLC**
   One Magnificent Mile
   980 N. Michigan Ave., Suite 1610
   Chicago, IL 60611
   Telephone: (872) 263-1100
   raina@straussborrelli.com

   *Attorneys for Representative Plaintiff Kimah Beach and the Plaintiff Class*

   Liberato P. Verderame
   Marc H. Edelson
   **EDELSON LECHTZIN LLP**
   411 S. State Street, Suite N300
   Newtown, PA 18940
   Telephone: (215) 867-2399
   medelson@edelson-law.com
   lverderame@edelson-law.com

   *Attorneys for Representative Plaintiff Grace Stean and the Plaintiff Class*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 16, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF and by personal service on the Defendant c/o Registered Agent (see address below).

**FRONTIER AIRLINES, INC.**
c/o Registered agent:
4545 Airport Way
Denver, CO 80239

*/s/ Laura Grace Van Note*
Laura Grace Van Note, Esq.