# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| DIANA BENNETT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | **Case No. 1:26-cv-03129-GPG-KAS** |
| KIMAH BEACH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | **Case No. 1:26-cv-03159-PAB** |
| GRACE STEAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | **Case No. 1:26-cv-03160-KAS** |

## PLAINTIFFS' MOTION TO CONSOLIDATE CASES

Diana Bennett, Kimah Beach, and Grace Stean ("Plaintiffs") seek an order, pursuant to

Federal Rules of Civil Procedure Rule 42(a) consolidating *Bennett v. Frontier Airlines, Inc.* (District

of Colorado, Case No. 1:26-cv-03129-GPG-KAS), *Beach v. Frontier Airlines, Inc.* (District of

1

Colorado, Case No. 1:26-cv-03159-PAB), and *Stean v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03160-KAS), (collectively, the "Related Actions"). Plaintiffs request that the Related Actions be consolidated into the first filed case, *Bennett v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03129-GPG-KAS).

This Motion also seeks to stay all case deadlines in the cases proposed for consolidation during the pendency of this Motion, including deadlines for Defendant to respond to the respective complaints. Plaintiffs request that Defendant's response to the respective complaints be set as follows: if the Court grants the Motion to Consolidate, thirty (30) days from the filing of a consolidated complaint; or if the Court denies the Motion to Consolidate, thirty (30) days from the date of the Court's order of denial.

As discussed in detail in the accompanying Memorandum: a) the Related Actions involve common parties and similar issues of law and fact, b) the putative class representatives in each of the Related Actions seek to represent similar classes of persons (collectively referred to herein as the "Class") who utilized the services of Defendant and/or were employed by Defendant and/or were related to someone who was employed by Defendant and whose personally identifiable information ("PII" or "Private Information") was provided to and maintained by Defendant, c) Plaintiffs and the proposed Class were similarly impacted by the data security incident that is the subject of the Related Actions, and d) the Related Actions arise out of similar circumstances, thus making consolidation under Fed. R. Civ. P. 42(a) appropriate.

WHEREFORE, Plaintiffs respectfully request the Court consolidate the Related Actions under the *Bennett v. Frontier Airlines, Inc.* case.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Civil Rule 7.1(a) all Plaintiffs' counsel have conferred and agreed to the proposed consolidation. Plaintiffs' counsel have been unable to confer with counsel for Defendant because counsel has not appeared or identified themselves.

Dated: July 20, 2026    By:    */s/ Laura Grace Van Note*
Scott Edward Cole, Esq. (CA S.B. #160744)
Laura Grace Van Note, Esq. (CA S.B. #310160)
Mark T. Freeman, Esq. (CA S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
 (510) 891-9800
sec@colevannote.com
lvn@colevannote.com
mtf@colevannote.com

*Attorneys for Representative Plaintiff Diana Bennett and the Plaintiff Class*

Raina C. Borrelli
**STRAUSS BORELLI PLLC**
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
 (872) 263-1100
raina@straussborrelli.com

*Attorneys for Representative Plaintiff Kimah Beach and the Plaintiff Class*

Liberato P. Verderame (CA S.B. #2687549)
Marc H. Edelson (CA S.B. #22688361)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300 Newtown, PA 18940
 (215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

*Attorneys for Representative Plaintiff Grace Stean and the Plaintiff Class*

3

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES</u>

### I.    INTRODUCTION

Diana Bennett, Kimah Beach, and Grace Stean ("Plaintiffs") seek an order, pursuant to Federal Rules of Civil Procedure Rule 42(a) consolidating *Bennett v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03129-GPG-KAS), *Beach v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03159-PAB), and *Stean v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03160-KAS), (collectively, the "Related Actions"). Plaintiffs request that the Related Actions be consolidated into the first filed case, *Bennett v. Frontier Airlines, Inc.* (District of Colorado, Case No. 1:26-cv-03129-GPG-KAS).

### II.    CONSOLIDATION IS APPROPRIATE

Courts have broad discretion to consolidate cases pursuant to Federal Rule of Civil Procedure 42(a). *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005). Consolidation is appropriate under Fed. R. Civ. P. Rule 42(a) because the Related Actions involve common parties and similar issues of law and fact. First, the Related Actions involve common parties and similar issues of law and fact. Second, the putative class representatives are able to represent the range of persons who utilized the services of Defendant Frontier Airlines, Inc. ("Defendant") and/or were employed by Defendant and/or were related to someone who was employed by Defendant and whose personally identifiable information ("PII" or "Private Information") was provided to and maintained by Defendant. Third, the Related Actions arise out of the same circumstances—Defendant's alleged failure to safeguard the highly sensitive information of Defendant's current and former customers and employees (and their families), which was entrusted to Defendant and which was compromised as a result of the data security incident that is the subject of the Related Actions. Finally, Plaintiffs in the Related Actions bring similar legal claims, each asserting claims for

1

negligence and breach of implied contract, and many cases assert claims for unjust enrichment, declaratory and injunctive relief, and negligence *per se*. The cases also propose substantially similar classes.

Under the Federal Rules of Civil Procedure, courts may consolidate two or more related actions, where, as here, the actions involve at least one common question of law or fact. Fed. R. Civ. P. Rule 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *see also Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010) (consolidating actions "based on nearly identical legal theories and underlying facts" with "similar theories of damages and recovery"); *see also Henderson v. Reventics, LLC*, Case No. 1:23-cv-00586, Dkt. 19 (D. Colo. April 24, 2023) (granting consolidation of five data breach cases filed against same Defendant).

For the reasons described below, consolidation is appropriate here.

### A.        The Related Actions Involve Common Parties.

The threshold question of "common parties" is easily answered in the affirmative. All of the Related Actions name Frontier Airlines, Inc.  as Defendant. In addition, the proposed Classes in all of the lawsuits include similar definitions encompassing victims whose sensitive Private Information was impacted by the data breach at issue in the Related Actions.

### B.        The Related Actions Allege Common Legal Claims and Facts.

Besides common parties, the lawsuits also allege common facts and legal claims. As is clear on the face of the complaints, the claims arise out of the same set of operative facts: Defendant's acts and omissions permitted unauthorized criminal actor(s) to gain access to the

systems and network where Plaintiffs' and Class members' PII was being stored, leading to the exfiltration of that data. Furthermore, the cases raise similar allegations regarding alleged damages arising out of Defendant's failure to implement adequate data monitoring and security practices.

In addition, each of the Related Actions asserts claims for negligence and breach of implied contract and many cases assert claims for unjust enrichment, declaratory and injunctive relief, and negligence *per se*.

### C. Consolidation Will be More Convenient to the Parties, Promote Judicial Economy and Save Resources.

Consolidation of these substantively identical cases will promote convenience for the parties, judicial economy, and will save time, effort, and expense. Consolidation will also avoid the confusion, delay, and potential prejudice that might result if the cases proceed separately. The Related Actions are in their early stages. Neither discovery nor class certification proceedings have commenced. But even at this early stage, it is clear that the cases will require many of the same documents and witnesses in light of the overlapping allegations and claims. This factor further favors consolidation.

Finally, consolidation will neither inconvenience the parties nor delay the proceedings. Rather, consolidation will promote convenience and judicial economy for the parties and non-parties alike. Consolidation will also avoid confusion among absent putative class members.

Thus, the facts and circumstances here warrant consolidation of the Related Actions.

### III. CONCLUSION

To promote efficiency and judicial economy, and to avoid unnecessary costs and undue delay, Plaintiffs respectfully request that the Court a consolidate the Related Actions under the *Bennett v. Frontier Airlines, Inc.* case.

Dated: July 20, 2026        Respectfully submitted:

By:    */s/ Laura Grace Van Note*
Scott Edward Cole, Esq.
Laura Grace Van Note, Esq.
Mark T. Freeman, Esq.
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
sec@colevannote.com
lvn@colevannote.com
mtf@colevannote.com

*Attorneys for Representative Plaintiff Diana Bennett and the Plaintiff Class*

Raina C. Borrelli
**STRAUSS BORELLI PLLC**
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
raina@straussborrelli.com

*Attorneys for Representative Plaintiff Kimah Beach and the Plaintiff Class*

Liberato P. Verderame
Marc H. Edelson
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
Telephone: (215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

*Attorneys for Representative Plaintiff Grace Stean and the Plaintiff Class*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 20, 2026, a  true  and  correct  copy  of  the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF and by personal service on the Defendant c/o Registered Agent (see address below).

**FRONTIER AIRLINES, INC.**
c/o Registered agent:
4545 Airport Way
Denver, CO 80239

*/s/ Laura Grace Van Note*
Laura Grace Van Note, Esq.