IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03129-GPG-KAS
Consolidated with Civil Action No. 26-cv-03159-GPG-KAS
Consolidated with Civil Action No. 26-cv-03160-GPG-KAS

DIANA BENNETT,
KIMAH BEACH, and
GRACE STEAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

Defendant.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiffs' **Motion to Appoint Interim Co-Lead Class Counsel** [#11] and Plaintiffs' **Unopposed Motion to Stay Case Pending Mediation** [#19]. The Motions [#11, #19] have been referred to the undersigned.[1] The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Motions [#11, #19] are **GRANTED**.[2]

---

[1] The parties have not yet filed a signed Election Concerning Consent/Non-Consent form [#4-1].

[2] "[T]he appointment of interim class counsel does not have any impact on later certification of a class." *Sheehy v. Intermountain Health Care Inc.*, No. 25-cv-00914-RMR-SBP, 2026 WL 709732, at *1 n.1 (D. Colo. Mar. 13, 2026). Accordingly, the Court proceeds by Order rather than Recommendation. *See id.*; *see also In re Frontier Airlines Litig.*, No. 20-cv-01153-PAB-KLM, 2020 WL 9258441, at *1 (D. Colo. Dec. 16, 2020) (Magistrate Judge proceeding by order on similar motion).

## I. Background

This consolidated action arises from data breaches that Frontier Airlines sustained on May 12, 2026, and June 3, 2026, resulting in the names, addresses, social security numbers, driver's license numbers, and other personal identifying information of at least 11,482 people being compromised. *Am. Compl.* [#22] ¶¶ 27-30. Defendant did not notify the putative Class of the data breach until July 9, 2026. *Id.* ¶ 31.

The Plaintiffs initiated three separate civil actions. Plaintiff Bennett initiated Civil Action 26-cv-03129-GPG-KAS on July 13, 2026. Plaintiff Beach initiated Civil Action 26-cv-03159-GPG-KAS on July 15, 2026. Plaintiff Stean initiated Civil Action 26-cv-03160-GPG-KAS on July 15, 2026. Within a matter of days, Plaintiff Bennett filed a Motion to Consolidate Cases [#10] in Civil Action 26-cv-03129-GPG-KAS, which District Judge Gallagher granted on August 13, 2026. *Order* [#17].

Through the instant Motions [#11, #19], Plaintiffs now seek appointment of interim class counsel and to stay this matter pending mediation.

## II. Analysis

### A. Motion to Appoint Interim Co-Lead Class Counsel [#11]

Plaintiffs seek an Order appointing their counsel, Laura Van Note of Cole & Van Note, Raina C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin LLP as interim co-lead class counsel. Defendant takes no position on the Motion [#11] and thus represents that the Motion [#11] is unopposed. *Response* [#16].

Federal Rule of Civil Procedure 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Appointment of interim counsel is particularly appropriate

"[w]here various law firms represent members of overlapping proposed classes" and "may be helpful in clarify[ing] responsibility for protecting the interests of the case during precertification issues, such as making and responding to motions, conducting necessary discovery, moving for class certification, and negotiating settlement." *In re Frontier Airlines Litig.*, No. 20-cv-01153-PAB-KLM, 2020 WL 9258441, at *1 (D. Colo. Dec. 16, 2020) (internal quotation marks and citations omitted).

When appointing interim class counsel, courts look to the same factors used in determining the adequacy of class counsel. *Id.* at *2. Those factors are: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). As necessary, courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

Upon review of these factors, the Court finds that appointment of Ms. Van Note, Ms. Borrelli, and Mr. Edelson as interim co-lead class counsel is appropriate.

First, Plaintiffs represent that their counsel "have spent a significant amount of time and effort investigating, researching, and litigating the cases," and "are most familiar with the legal and factual issues in question[.]" *Motion* [#11] at 2. This is consistent with what other courts in this district have found sufficient to support appointment as interim class counsel. *Sheehy v. Intermountain Health Care Inc.*, No. 25-cv-00914-RMR-SBP, 2026 WL 709732, at *2 (D. Colo. Mar. 13, 2026); *Gomez v. SSA Holdings, LLC*, No. 25-cv-03740-NYW-SBP, 2026 WL 83915, at *2 (D. Colo. Jan. 12, 2026).

Second, all three attorneys specialize in and have extensive experience litigating complex class actions, including data breach cases. *Motion* [#11] at 2. Ms. Van Note is a shareholder of Cole & Van Note, which has prosecuted "hundreds of class and/or complex/representative cases," many of which involve similar data breaches. *Id.* at 7; *Plfs.' Ex. A, Cole & Van Note Firm Resume* [#11-1] at 6-17. Ms. Borrelli is a founding partner of Strauss Borrelli PLLC and leads the firm's class action litigation practice. *Motion* [#11] at 10; *Plfs.' Ex. B, Strauss Borrelli Firm Resume* [#11-2] at 7-10, 16-18. Plaintiffs identify nine other data breach cases in which Ms. Borrelli has served as lead counsel or co-counsel. *Motion* [#11] at 10. Mr. Edelson is a managing partner of Edelson Lechtzin LLP, a "national class action law firm." *Id.* at 11. He has served in leadership roles in "many MDL cases," and Plaintiffs highlight eleven data breach cases in which Mr. Edelson has served as lead or co-counsel. *Id.* at 12; *Plfs.' Ex. C, Edelson Lechtzin Firm Resume* [#11-3] at 4, 7.

In light of their experience, counsel are necessarily well-versed in class action litigation practice and the areas of law at issue in this case. Similarly, Plaintiffs represent that their respective attorneys "extensively researched the claims at issue before filing their actions." *Motion* [#11] at 12. Finally, counsel state that their respective firms possess the "ability to dedicate the necessary resources to ensure a substantial and sustainable case on behalf of the putative Class[.]" *Id.* at 13. In light of their deep firm resumes identifying experience with class actions, the Court has no reason to doubt this representation.

Finally, the absence of opposition is an additional pertinent consideration supporting the appointment. *Sheehy*, 2026 WL 709732, at *3. For these reasons, the

Court **grants** the Motion [#11] and **appoints** Ms. Van Note, Ms. Borrelli, and Mr. Edelson as interim co-lead class counsel.

### B. Motion to Stay [#19]

Plaintiffs next ask the Court to stay all existing deadlines in this action while the parties proceed to mediation. *Motion* [#19] at 1. Defendant does not oppose the Motion [#19]. Plaintiffs represent that the parties have scheduled a mediation on November 13, 2026, with retired Judge David E. Jones. *Id.* The Court finds that a brief stay is appropriate pending the outcome of the November mediation. Accordingly, the Court **grants** the Motion [#19].

## III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#11] is **GRANTED**. Laura Van Note of Cole & Van Note, Raina C. Borrelli of Strauss Borrelli PLLC, and Marc H. Edelson of Edelson Lechtzin LLP are **APPOINTED** as interim co-lead class counsel in this matter pursuant to Fed. R. Civ. P. 23(g)(3).

IT IS FURTHER **ORDERED** that the Motion [#19] is **GRANTED**. The case is **STAYED** pending further order of the Court.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for October 14, 2026, in this matter is hereby **VACATED**.

IT IS FURTHER **ORDERED** that, if the mediation is successful, the parties shall file a Notice of Settlement or dismissal papers no later than **November 23, 2026**. If the mediation is not successful, the parties shall file a joint motion to set a Scheduling

Conference no later than **November 23, 2026**, and shall include in such motion several mutually agreeable dates that the parties are available.

Dated: October 13, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge